Henry Epstein, J.
This is an action for personal injuries and wrongful death tried by the court without a jury. Findings of fact and conclusions of law were waived.
The deceased, Frank Mazzaro, on August 25, 1957, while walking in an easterly direction in the north crosswalk formed by the intersection of 115th Street and Second Avenue in the Borough of Manhattan, was struck by a car driven by the defendant, George Cruz. He was removed to Metropolitan Hospital and died three days later, August 28, 1957.
The deceased’s son Domenic has been appointed administrator of his father’s estate. His testimony, as well as that of the deceased’s other son, Anthony, his daughter Maria Cioffi, and his widow, Elizabeth Mazzaro, portray the deceased as a devoted father and husband, hard-working and sober individual who had worked steadily up to a few months before his death. He had been employed as a watchman for D ’Aquila Brothers Construction Company and earned $80 per week. The widow received her entire support from her late husband.
It is conceded that funeral expenses amounted to $932.61. Additional expenses for a headstone amounted to $325.
There was conflicting evidence of the age of the deceased and the court accepts his age at time of death to be 75 years.
*160 Frank L. Pisano, a claims engineer for the United States Army, was a witness to the accident. He testified that at about 9:30 p.m. on the date of the accident he had parked his car on the southeast corner of Second Avenue and 116th Street and observed the deceased on the northwest corner of Second Avenue starting to walk east in the crosswalk. The light was green for crossing and the deceased was about three fourths across the street when he was struck by the car owned and operated by the defendant. This witness did not see the actual contact between defendant’s ear and deceased but did hear the screeching of brakes and the thud of the impact and immediately looked and saw deceased lying on the pavement. He rushed over, spoke in Italian to the deceased and then notified his son. He also claims that he gave his name to the police officer who came upon the scene almost immediately.
The assistant medical examiner, Dr. Sidney B. Weinberg, testified that the injuries he found (fractured pelvis, fracture of right tibia, fibula and rib, fat embolism and cardiac hypertrophy) were the competent producing causes of death.
The defendant Cruz testified that he was driving south on Second Avenue in the east lane and had stopped for a red light at 116th Street. When the light changed he continued south at about 15 miles per hour. At 115th Street he noticed the deceased in the north crosswalk when he was approximately six or seven feet from him and he immediately applied his brakes but too late to avoid the accident. In his car he says there were four adults and two children besides himself. It is necessary to point out here that none of these passengers was called as a witness by the defendant.
Patrolman Epifanio was called as a witness by the defendant and his testimony was helpful to the court — if not to the defendant. He stated that no one had given his name as a witness — the defendant first told him that the deceased was crossing from east to west and later changed his story to indicate a west to east crossing. The defendant also told the officer that he did not see the deceased until he hit him. The body of the deceased was several feet south of the crosswalk after the accident.
The overriding weight of the credible evidence is tipped heavily in the plaintiff’s favor. The court finds that the defendant was negligent in the operation of his car, thereby causing the injuries to plaintiff’s intestate from which he later died.
The plaintiff is awarded damages in the sum of $5,000 on the first cause of action and $2,500 on the second cause of action. The payment of the funeral expenses including the headstone is to be a charge upon the proceeds of the second cause of action (personal injury action).